BLODGETT, by guardian *ad litem,* Appellant, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent.

*December 11, 1909—January 11, 1910.*

*Street railways: Injury to person on track: Contributory negligence: Directing verdict.*

In an action for damages on account of actionable negligence, which is not within the class provided for by sec. 1816, Stats. (Laws of 1907, ch. 254), if the evidence discloses contributory negligence on the part of the plaintiff as a matter of law, a nonsuit should be granted or verdict of no cause of action directed in favor of the defendant, subject to the right of the plaintiff to discontinue upon seasonable application therefor.
 [Syllabus by MARSHALL, J.]

APPEAL from a judgment of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to recover for a personal injury.

Plaintiff's claim was that on a dark night she approached

the defendant's double track interurban railway, one track being for east-bound and one for west-bound cars, to take, and on the proper side for taking, an east-bound car, at a customary place for receiving and discharging passengers, the roadbed and the land adjacent having been leveled and somewhat raised for convenience of patrons of the company. An electric signal light was maintained on a pole, which could be operated by any person desiring to board a car, so that the light would show in the proper direction. On such night the signal light was so out of repair as to be useless. When plaintiff saw the car approaching, which she desired to take, she endeavored to give the customary signal for it to stop but was unable to set the light, and while properly yet trying to do so, in the exercise of ordinary care, the car was negligently run against her by reason whereof she was seriously injured.

The negligence claimed to have caused the injury, was failure to have the signal light in proper condition, unreasonable speed of the car under the circumstances, failure to maintain a suitable light at the place for taking on and discharging passengers, to enable them to see their surroundings when circumstanced as plaintiff was, and failure to maintain a proper station at the point where the injury occurred.

Defendant answered admitting that plaintiff was injured, at the time alleged, by one of its cars colliding with her, putting in issue all allegations of negligence on its part, and of due care on plaintiff's part, and as to the extent of the injuries and damages claimed.

The evidence was to this effect: The place where the accident occurred was in the country. The ground had been specially prepared by the defendant by smoothing off and raising it so as to render approach thereto by night as well as by day without difficulty, and alighting and boarding of cars, convenient. Cars were not accustomed to stop, except on signal, which was well known to plaintiff. A suitable method for signaling an approaching car in the nighttime, by electric

Blodgett v. Milwaukee E. R. & L. Co. 141 Wis. 329.

light, was provided, which plaintiff was familiar with. The device was out of order without defendant's knowledge.

Plaintiff had never boarded a car at the particular place, but had boarded cars elsewhere on the line where conveniences were similar. She fully understood that the car would run regardless of the station unless signaled. She saw the car coming when some half a mile away and worked the lever properly to set the light and found it to be out of order. She then depended upon signaling by waving her umbrella. The car was well illuminated by inside lights and had a bright headlight. When it was within several hundred feet of plaintiff the lights illuminated the rails on which it was coming so she could see them distinctly all the way thereto from where she stood. When it was yet far enough from her to afford ample time for a step back out of its pathway, she observed, or could have seen, the body of the car distinctly. She nevertheless, as she testified, stood her ground, waving her umbrella, till the car got close upon her. Then she lowered the umbrella and was attempting to close it, still standing, however, in the pathway of the car, till it struck her. The motorman did not know the signal light was out of order, or that any one desired to board the car, till he was within a short distance of the point of collision. He then shut off the power and brought his car to a stand as soon as he could. In the meantime he knew the car had struck some one.

At the close of the evidence, the court, on motion, directed a verdict in favor of defendant. Judgment was entered accordingly.

For the appellant there was a brief by *McCabe & Dahlman,* and oral argument by *Louis Dahlman.*

*Clarke M. Rosecrantz,* for the respondent.

MARSHALL, J. The only question worthy of mention, for decision on appeal, is, Did the circuit judge rightly rule that the evidence established, as matter of law, fatal contributory

negligence? The foregoing statement leaves very little, if anything, to be said for an opinion in respect thereto. The evidence disclosed about as clear a case of contributory negligence as could well be imagined. To submit such a case to a jury, suggesting thereby that there is room within the range of common sense for a decision either way, thus inviting what might afterwards appear to be a perverse verdict, would be unjudicial. So the trial court properly took the case from the jury upon the ground of plaintiff's clearly established inexcusable fault.

*By the Court.*—Judgment affirmed.